UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-cv-23362-MOORE/MCALILEY

MAMA JO'S, INC. d/b/a BERRIES,

      Plaintiff,

v.

SPARTA INSURANCE COMPANY, *et al.*

      Defendants.

_____/

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTIONS FOR APPELLATE
<u>ATTORNEYS' FEES AND ENTRY OF JUDGMENT</u>**

      Pending before the Court is Defendant Sparta Insurance Company's ("Sparta") Motions for Appellate Attorneys' Fees, (ECF Nos. 188, 189), and for Entry of Judgment, (ECF No. 203), which the Honorable K. Michael Moore referred to me, (ECF Nos. 190, 204). The Motions have been fully briefed. (ECF Nos. 205, 206, 207, 208). For the following reasons, I recommend that the Court grant the Motions.

**I.    BACKGROUND**

      Plaintiff Mama Jo's, Inc. d/b/a Berries ("Berries") operates a restaurant by the same name, and Defendant Sparta issued a policy of insurance to Berries. Berries sued Sparta for breach of that insurance contract after Sparta declined coverage for damages caused by dust and debris that entered the restaurant from nearby roadway construction. (ECF No. 1).

1

The Court granted summary judgment for Sparta. (ECF No. 146). It found, *inter alia*, that Berries could not recover under the policy because the dust and debris that entered the restaurant, and cleaning to remove it, was not a direct physical loss within the meaning of the policy. (*Id.*). Berries appealed that decision to the Eleventh Circuit Court of Appeals, and it affirmed the decision of this Court. (ECF Nos. 147, 186).

While that appeal was pending, Sparta, relying on the Florida offer of judgment statute, Fla. Stat. § 768.79, moved this Court for an award of the costs and attorneys' fees it incurred at the trial level, after it made a settlement offer that Berries declined. (ECF Nos. 148, 157). Berries argued in response that Sparta was not entitled to attorneys' fees because it did not satisfy the good faith requirement of the Florida offer of judgment statute. (ECF No. 161). It also argued that some of the fees that Sparta's lawyers billed were unreasonable. (*Id.*). Chief Judge Moore referred the motions to me. (ECF Nos. 150, 158).

In a Report and Recommendation, I concluded that Sparta was entitled, under the Florida statute, to recover its reasonable trial attorneys' fees and costs. (ECF No. 192). I recommended that the Court award Sparta $95,808.50 in attorneys' fees – less than the sum Sparta sought, and $10,877.64 in costs, which also reflected a reduction of the amount Sparta claimed. (*Id.*). Berries did not object to my Report and Recommendation, and the Court adopted it and ordered that Sparta recover from Berries the total sum of $106,686.14. (ECF No. 197).

Berries appealed that Order, and it is now pending before the Eleventh Circuit. (ECF No. 199). Berries also petitioned the Supreme Court of the United States for a writ of

certiorari to review the Eleventh Circuit's decision affirming summary judgment, which the Supreme Court denied. (ECF No. 209).

The Court now has two motions before it. In one, Sparta seeks an award of $54,944.50 for appellate attorneys' fees, that it incurred defending Berries' appeal of the Court's Order of summary judgment. (ECF Nos. 188, 189, 208 at 7).[1] In the other, Sparta asks the Court to enter a judgment in favor of Sparta for $106,686.14 – the sum this Court awarded for trial attorneys' fees and costs. (ECF No. 203). Berries opposes both motions. (ECF Nos. 205, 207). For the reasons discussed below, I recommend that the Court grant both of Sparta's motions.

## II.    APPELLATE ATTORNEYS' FEES

### A.    Berries' Request to Stay

In its opposition memorandum, Berries asks this Court to stay resolution of Sparta's Motion for Appellate Attorneys' Fees until the conclusion of Berries' appeals to (1) the Supreme Court of the Eleventh Circuit's decision affirming summary judgment in Sparta's favor, and (2) the Eleventh Circuit of the Court's Order granting Sparta reasonable costs and trial attorneys' fees. (ECF No. 207 at 17-18). Berries states this is appropriate because "both affect [Sparta's] entitlement to fees in the first instance." (*Id.* at 17). Sparta objects. (ECF No. 208 at 5-7).[2]

---

[1] In its motion, Sparta sought $57,946.50, but in its reply memorandum Sparta agreed to withdraw its claim for billing entries that Berries objected to, that total $3,002.00. (ECF Nos. 207 at 16; 208 at 7).

[2] Notably, Berries did not file this as a motion. (ECF No. 207 at 17).

The first basis for Berries' argument is moot, as the Supreme Court denied Berries' petition for a writ of certiorari. (ECF No. 209). The second basis lacks merit. Berries did not file any objections to my Report and Recommendation regarding Sparta's recovery of its trial attorneys' fees, and as a result the standard of review of Berries' appeal of the Court's Order adopting that Report and Recommendation is very unfavorable to Berries. *See Poole v. Powell*, 839 F. App'x 439, 440 (11th Cir. 2021) ("[A] party who fails to object to a magistrate judge's R&R 'waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.' 11th Cir. R. 3-1. Still, even without 'proper objection,' we 'may review on appeal for plain error if necessary in the interests of justice.' *Id.*"). Berries has made no showing that it is likely to prevail on its argument that Sparta is not entitled to recover attorneys' fees under Fla. Stat. § 768.79.[3] Accordingly, I proceed to the merits of Sparta's motion.

B.    Entitlement

The legal basis for Sparta's entitlement to recover appellate attorneys' fees from Berries – Fla. Stat. §768.79 – is the same as the basis for Sparta's entitlement to recover its attorneys' fees incurred at trial. My earlier Report and Recommendation regarding Sparta's trial attorneys' fees set forth my reasoning why I concluded that Sparta was entitled to recover those fees. (ECF No. 192 at 4-9). That analysis applies equally here, and I adopt it

---

[3] The traditional stay factors that Courts analyze are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted). Berries does not argue that any of these factors justify a stay.

by reference. Berries challenges that analysis and conclusion by citing to "new case law highlighting the complexity and closeness of the question presented [regarding entitlement]". (ECF No. 207 at 1 n.1).[4] I have carefully reviewed those cases and find they do not change my conclusion, as they are factually distinguishable.[5]

For the reasons stated in my previous Report and Recommendation, (ECF No. 192 at 4-9), I conclude that Sparta is entitled to an award of appellate attorneys' fees under Fla. Stat. § 768.79.

### C.   Amount of Fees

Sparta seeks appellate attorneys' fees totaling $54,944.50. (ECF No. 208 at 7). "A party seeking to recover attorneys' fees bears the burden of providing specific and detailed evidence so that a determination can be made of the necessity of the action and the reasonableness of the time claimed for the action." *Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *14 (S.D. Fla. July 15, 2011) (citing *ACLU of Ga. v. Barnes*, 168 F.3d 423, 432-33 (11th Cir. 1999)). "The first step in computing a reasonable fee is to determine the lodestar, which is the product of the number of hours reasonably worked by a lawyer and a reasonable hourly rate." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) (citation omitted).

---

[4] Notably, Berries did not cite these cases in its earlier opposition to Sparta's request for attorneys' fees, *see* (ECF No. 161), even though all but one of those cases had been decided at that time.

[5] Those cases are: *Essex Ins. Co. v. BloomSouth Flooring Corp.*, 562 F.3d 399 (1st Cir. 2009); *Netherlands Ins. Co. v. Main St. Ingredients, LLC*, 745 F.3d 909 (8th Cir. 2014); *Adams-Arapahoe Joint Sch. Dist. No. 28-J v. Cont'l Ins. Co.*, 891 F.2d 772 (10th Cir. 1989); and *Henderson Rd. Rest. Sys., Inc. v. Zurich Am. Ins. Co.*, No. 20 CV 1239, 2021 WL 168422 (N.D. Ohio Jan. 19, 2021).

The reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (citation omitted). The Court may use its own knowledge and experience in determining the reasonableness of attorneys' fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted).

Berries does not object to the reasonableness of the hourly rates that Sparta's counsel seeks,[6] (ECF No. 207 at 14), and the Court, based upon its own knowledge and experience, agrees that those hourly rates are reasonable.

Berries does, however, object to 23.8 – out of a total of 313.5 – hours of work by Sparta's counsel. (*Id.* at 15-16). In its reply memorandum, Sparta agreed to deduct those fees from the $57,946.50 it sought in its motion. (ECF No. 208 at 7).

Sparta properly supports its fees request with time records that reflect the work its attorneys and paralegal performed, (ECF No. 188 at Ex. G), and has filed an affidavit that attests to the truthfulness of the fees, (*id.* at Ex. H). I have thoroughly reviewed the timesheets that Sparta's counsel submitted and find that, other than the reductions Sparta agreed to, the number of hours sought is reasonable.

Accordingly, I conclude that Sparta's counsel reasonably expended the following hours defending Sparta from Berries' appeal of the Court's Order granting summary

---

[6] The hourly rates are: $250.00 for Holly S. Harvey, $190.00 for Jorge A. Maza, $205.00 for David A. Wagner, $190.00 for Michele Vargas, $90.00 for Spencer R. Booth, and $90.00 for Lisset Martinez (paralegal).

judgment: **26.9** hours for Holly S. Harvey, **236.7** hours for Jorge A. Maza, **5.6** hours for David A. Wagner, **2.3** hours for Michele A. Vargas, **5.8** hours for Spencer R. Booth, and **12.4** hours for Lisset Martinez.

Based upon the foregoing, I recommend that the Court award Sparta **$54,944.50** in reasonable appellate attorneys' fees.

## III.   JUDGMENT

Sparta asks the Court to enter a judgment in its favor for $106,686.14, the amount of trial attorneys' fees and costs this Court previously awarded to Sparta. (ECF No. 203). Sparta states that it needs a judgment to execute on the costs and fee award. (*Id.*).

Berries objects for three reasons. First, Berries argues that its appeal of the Court's Order that awarded Sparta its trial attorneys' fees and costs divests this Court of jurisdiction to enter a judgment in connection with that Order. (ECF No. 205 at 1-2). I cannot agree. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal*." *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) (emphasis added) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). The Court of Appeals has under review this Court's analysis of Sparta's entitlement to, and the amount of, reasonable attorneys' fees and costs. Whether that award is reduced to a judgment, or not, has no impact on the issues before the appellate court.

Second, Berries argues this Court should defer consideration of the entry of a judgment until its certiorari petition to the Supreme Court (which is now moot), and appeal

to the Eleventh Circuit, have been resolved. (ECF No. 205 at 2-3). This, essentially, is a request for a stay. As discussed above, Berries has not demonstrated that a stay is appropriate.

Third, Berries argues that the Court should deny Sparta's request as moot because "there is no functional or practical difference between the Order and a final judgment." (*Id.* at 2) (quotation marks omitted). Again, I cannot agree that this justifies not entering a judgment. The Federal Rules of Civil Procedure indicate that a separate judgment is not required.[7] Yet, there is some confusion about this issue. *See Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, No. 10-cv-1445-Orl-22DAB, 2012 WL 5989387, at *8-9 (M.D. Fla. Oct. 10, 2012) (recommending that the Court enter a judgment for the award of attorneys' fees and noting that "[a]lthough some courts . . . have considered fee award orders 'appealable final orders or judgments' under Federal Rule of Civil Procedure 54(a) . . . the Eleventh Circuit has not definitely ruled on the issue") (collecting cases), *report and recommendation adopted*, 2012 WL 5989505 (M.D. Fla. Nov. 30, 2012); *see also Bostick v. State Farm Mut. Auto. Ins. Co.*, No. 16-cv-1400-T-33AAS, 2018 WL 6313194, at *3 (M.D. Fla. Dec. 3, 2018) ("An order awarding attorney's fees or taxable costs is not a judgment; therefore, a writ of execution and post-trial discovery is unavailable.") (citation omitted); *cf. Duggan's Funeral Serv., Inc. v. Duggan's Serra Mortuary, Inc.*, 176 F.3d 482,

---

[7] Federal Rule of Civil Procedure 54(a) provides: "'Judgment' as used in these rules includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Moreover, regarding attorneys' fees, Rule 58(a) states that although "[e]very judgment and amended judgment must be set out in a separate document . . . a separate document is not required for an order disposing of a motion: . . . (3) for attorney's fees under Rule 54; . . . ." Fed. R. Civ. P. 58(a)(3).

1999 WL 274567 (9th Cir. 1999) (unpublished) (finding that the fee and cost order is an enforceable judgment); *Wheeler v. John Deere Co.*, 986 F.2d 413, 415 (10th Cir. 1993) ("An award of costs . . . is obviously 'any money judgment.'").

Sparta asserts that this uncertainty led it to ask for a separate judgment. (ECF No. 206 at 5). I see no reason why the Court should not enter one. It has the authority to do so and Berries has not presented a cogent argument why it should not. *See Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 1028008, at *4 (S.D. Fla. Mar. 14, 2016) (district court enters judgment for costs award during pendency of appeal). Additionally, if Berries believes "there is no functional or practical difference" between the Order and a final judgment, then Berries' aversion to this Court entering judgment makes little sense. I recommend that the Court enter a separate judgment for the costs and fees awarded.

In the conclusion of its Motion for Entry of Judgment, Sparta asks that "such judgment [] bear interest at the legal rate as provided by law." (ECF No. 203 at 2). Sparta does not state whether it seeks pre- or post-judgment interest, when that interest should begin to run, or identify any legal authority to support its request. Sparta has completely failed to meet its obligation to provide the Court with a memorandum of law citing supporting authority and I therefore recommend that the Court deny Sparta's request for interest. *See Taylor Newman Cabinetry, Inc.*, 2012 WL 5989387, at *9 (recommending that the Court enter a judgment on a fee award without interest because "Plaintiffs cite no authority for the award of interest"), *report and recommendation adopted*, 2012 WL 5989505; *see also Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983) ("The premise of our adversarial system is that . . . courts do not sit as self-directed boards of legal inquiry

and research, but essentially as arbiters of legal questions presented and argued by the parties before them.").

If the Court adopts my recommendation to award Sparta $54,944.50 for its appellate attorneys' fees and to enter a separate judgment, it follows that the separate judgment should be in the total amount awarded of $161,630.64. This amount accounts for the initial costs and trial attorneys' fee award, as well as the award for appellate attorneys' fees.

## IV.     RECOMMENDATION

I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Sparta's Motion for Appellate Attorneys' Fees, (ECF Nos. 188, 189), and award Sparta **$54,944.50** in reasonable appellate attorneys' fees. I **FURTHER RECOMMEND** that the Court **GRANT** Sparta's Motion for Entry of Judgment, (ECF No. 203), and enter a separate judgment in favor of Sparta for a total amount of **$161,630.64** without interest.

## V.     OBJECTIONS

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable K. Michael Moore, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in Miami, Florida this 29th day of April 2021.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable K. Michael Moore
    Counsel of Record