UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:17-cv-23362-KMM

MAMA JO'S INC.
*d/b/a Berries*,

    Plaintiff,

v.

SPARTA INSURANCE CO., *et al.*,

    Defendants,

v.

BANKUNITED, N.A.

    Garnishee.
_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** came before the Court upon Garnishee BankUnited, N.A.'s ("BankUnited") Amended Motion to Compel Judgement Assignee, Casa Financial Holdings, LLC ("Casa") to File a Satisfaction of Garnishment Judgment and For Recovery of Garnishee's Attorneys' Fees and Costs ("Amended Motion") (ECF No. 249).[1] The matter has been referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, to take all necessary and proper action as required by law and/or issue a Report and Recommendation regarding Garnishee's Amended Motion (ECF No. 250). Casa filed a response (ECF No. 252), to

---

[1] On August 26, 2022, Garnishee BankUnited filed a Motion to Compel Judgement Assignee, Casa Financial Holdings, LLC ("Casa") to File a Satisfaction of Garnishment Judgment and For Recovery of Garnishee's Attorneys' Fees and Costs (ECF No. 248). On August 29, 2022, BankUnited filed the Amended Motion (ECF No. 249). The District Court referred the Amended Motion to the undersigned; however, the Dorder of referral did not include the original Motion. Accordingly, the undersigned's Report and Recommendation addresses only the Amended Motion.

1

which BankUnited filed a reply (ECF No. 253). Having reviewed the Amended Motion, Response, Reply, the record as a whole, and being otherwise fully advised in the premises, the undersigned respectfully **RECOMMENDS** that BankUnited's Amended Motion be **GRANTED, in part,** and **DENIED**, **in part**.

**I.     BACKGROUND**

Plaintiff Mama Jo's, Inc. d/b/a Berries ("Berries") operates a restaurant by the same name. Defendant Sparta Insurance Company ("Sparta") issued a policy of insurance to Berries. Berries sued Sparta for breach of the insurance contract after Sparta declined coverage for damages caused by dust and debris that entered the restaurant from nearby roadway construction. (ECF No. 1). The District Court granted summary judgment in favor of Sparta. (ECF No. 146). Berries appealed the District Court's Order granting summary judgment to the Eleventh Circuit Court of Appeals, which affirmed the District Court's order. (ECF Nos. 147, 186). Sparta subsequently filed two motions: (1) a motion seeking an award of $54,944.50 for appellate attorneys' fees that Sparta incurred during Berries' appeal of the District Court's Order granting summary judgment, and (2) a motion requesting that the Court enter a judgment in favor of Sparta for $106,696.14. (ECF Nos. 188, 189, 208 at 7). The District Court adopted the Magistrate Judge's Report and Recommendation (ECF No. 217), and entered final judgment in favor of Sparta and against Berries, in the amount of $106,686.14 for trial attorneys' fees and costs, and $54,944.50 for appellate attorneys' fees, for a total award of $161,630.64. (ECF No. 219).

On November 18, 2021, the Clerk of Court issued a Writ of Garnishment ("Writ") to Garnishee BankUnited, directing BankUnited to file an Answer stating whether it is indebted to Berries and if so, in what sum. (ECF No. 228). Casa filed a Motion for Default Final Judgment in Garnishment against BankUnited (ECF No. 236); however, the District Court denied Casa's

motion for failing to properly serve BankUnited in accordance with Florida Statutes §§ 77.041, 77.055. (ECF No. 241). Casa subsequently remedied the service deficiencies and filed a Renewed Motion for Default Judgment in Garnishment. (ECF No. 243).

On February 25, 2022, the District Court entered an Order on Casa's Renewed Motion for Default Judgment in Garnishment (the "Garnishment Order") (ECF No. 244), which provided that Casa would recover the sum of $161,630.64 from BankUnited, and that such funds shall be disbursed to the trust account of counsel for Casa, Roniel Rodriguez IV, P.A., within ten days. BankUnited failed to adhere to the District Court's deadline; however, BankUnited complied with the Garnishment Order insofar as it forwarded an official check in the amount of $161,630.64 to Rodriguez; the check included the case number of this action (the "Garnishment Payment"). (ECF No. 252 at 4). Rodriguez subsequently deposited the Garnishment Payment in his trust account on April 20, 2022. (ECF No. 249-1).

On August 26, 2022, Casa filed a "Partial Satisfaction of Judgment" (ECF No. 247), which recognized BankUnited's Garnishment Payment of $161,630.64, but also asserted that "accrued post judgment interest and court costs remain unpaid." (ECF No. 247). In response, BankUnited filed the instant Amended Motion seeking an order from this Court compelling Casa to file a full satisfaction of the garnishment judgment, and seeking the recovery of BankUnited's attorneys' fees in this garnishment action. After BankUnited filed the Amended Motion, Casa filed a Notice of Satisfaction of Judgment (ECF No. 251) acknowledging full payment in satisfaction of the final judgement.

## II.     LEGAL STANDARD

The execution of judgments in federal court proceedings is governed by state law. Fed. R. Civ. P. 69(a)(1). Rule 69 of the Federal Rules of Civil Procedure states that "[t]he procedure on

3

execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a). In Florida, garnishment proceedings are governed by Chapter 77 of the Florida Statutes. *Branch Banking & Tr. Co. v. Crystal Ctr., LLC*, No. 8:15-CV-1462-T-30AAS, 2018 WL 4829181, at *2 (M.D. Fla. Oct. 4, 2018); Fla. Stat. §§ 77.01–77.28.

After entering final judgment, the Court must determine the garnishee's costs and expenses, including reasonable attorney's fees. *Stansell v. Revolutionary Armed Forces of Colombia*, No. 8:09-CV-2308-T-36AAS, 2019 WL 3326038, at *2 (M.D. Fla. Mar. 25, 2019), *report and recommendation adopted as modified*, No. 8:09-CV-2308-T-36AAS, 2019 WL 2537791 (M.D. Fla. June 20, 2019). Florida Statute § 77.28 states, in pertinent part:

> Upon issuance of any writ of garnishment, the party applying for it shall pay $100 to the garnishee on the garnishee's demand at any time after the service of the writ for the payment or part payment of his or her attorney fee which the garnishee expends or agrees to expend in obtaining representation in response to the writ. On rendering final judgment, the court shall determine the garnishee's costs and expenses, including a reasonable attorney fee, and in the event of a judgment in favor of the plaintiff, the amount is subject to offset by the garnishee against the defendant whose property or debt owing is being garnished. In addition, the court shall tax the garnishee's costs and expenses as costs. The plaintiff may recover in this manner the sum advanced by him or her, and, if the amount allowed by the court is greater than the amount paid together with any offset, judgment for the garnishee shall be entered against the party against whom the costs are taxed for the deficiency.

Fla. Stat. § 77.28.

Additionally, Florida Statute § 77.06(3) allows for a garnishee to express any good-faith doubt as to whether property or indebtedness is required to be garnished. The statute also imposes a requirement of good faith when garnishees respond to writs of garnishment.

### III.  DISCUSSION

#### a. Satisfaction of Garnishment Judgment

4

First, BankUnited seeks an order from this Court compelling Casa to file a full satisfaction of the Garnishment Order. At the time BankUnited filed the instant Amended Motion, Casa had filed a Notice of Partial Satisfaction of Judgment (ECF No. 247). After filing the Amended Motion, Casa filed a Notice of Satisfaction of Judgment (ECF No. 251), indicating that Casa "received payment upon said Final Judgment in Garnishment and has waived the costs incurred and interests accrued in domesticating the judgment in State Court." Accordingly, I find BankUnited's Amended Motion to Compel Casa to file a full satisfaction of the Garnishment Order is now moot, and thus, I recommend BankUnited's Amended Motion be denied as to this issue. *See* (ECF No. 252 at 7).

b. **Attorneys' Fees**

BankUnited seeks attorneys' fees under Fla. Stat. § 77.28, including the $100.00 statutory fee, and BankUnited's costs and expenses in this garnishment action. Casa contends that, under Fla. Stat. § 77.28, BankUnited is not entitled to attorneys' fees and costs incurred following entry of the Garnishment Order. (ECF No. 244).

First, Fla. Stat. § 77.28 clearly specifies that Casa must pay BankUnited $100.00 for attorneys' fees expended on obtaining representation in response to the writ. Thus, I recommend that Casa remit payment in the amount of $100.00 to BankUnited.

Second, BankUnited, under Fla. Stat. § 77.28, asserts that it is entitled to attorneys' fees. Casa contends that BankUnited is not entitled to its attorneys' fees because BankUnited resisted compliance with the District Court's order, thus, BankUnited is not an "innocent stakeholder." *See Hausler v. Rep. of Cuba*, No. 09-20888-CIV, 2013 WL 1840351, at *2 (S.D. Fla. May 1, 2013).

In support, Casa cites to *Ebsary Found. Co. v. Burnett Bank of S. Fla., N.A.*, 569 So. 2d 806 (Fla. Dist. Ct. App. 1990)). In *Ebsary*, a Florida state court found that the garnishee was not

5

an innocent stakeholder because it had resisted the writ of garnishment to use the monies it held to set-off a debt owed to it by the debtor. 569 So. 2d at 807. Thus, the garnishee exercised a competing claim against the monies it held. The court held that "[b]ecause [the garnishee] resisted the writ of garnishment on its own behalf and for its own interests, rather than as a 'stake holder innocently drawn into controversy' . . . the trial judge correctly refused to award the [garnishee] a reasonable attorney's fee." *Id.*

However, Casa's citation to *Ebsary* is misplaced. Unlike *Ebsary*, BankUnited did not resist the writ to benefit itself and satisfy a competing claim. In fact, BankUnited filed an answer to the Writ, and although BankUnited failed to comply with the District Court's order to timely remit payment, BankUnited subsequently satisfied the full judgment by issuing a check in the amount of $161,630.64, not including Casa's demand of "accrued post judgment interest and court costs." (ECF No. 247 at 2).

Notwithstanding, in *Millette v. DEK Techs., Inc.*, No. 08-60639-CV, 2010 WL 11505116, at *3 (S.D. Fla. Feb. 23, 2010), the court reasoned that *Ebsary* "offers no rationale for its holding that [Fla. Stat. § 77.28] precludes a garnishee that successfully resists a writ of garnishment 'on its own behalf and for its own interests' from recovering its attorney's fees . . . <u>Whether the garnishee successfully resists a writ of garnishment on its own behalf or on behalf of another should make no difference</u>." (quoting *Ebsary*, 569 So.2d at 807). This Court follows the rationale in *Millette*.

Further, BankUnited filed the instant Amended Motion because, at the time it remitted payment to Casa, BankUnited understood the judgment to have been fully satisfied, and the Garnishment Order did not direct BankUnited to pay any post judgment interest or court costs as Casa contends. *Compare* (ECF No. 228 at 2) *and* (ECF No. 244 at 4). There is no indication that BankUnited resisted the Writ to assert a competing claim or benefit itself; rather, BankUnited

contends that there was no legal authority to support Casa's claim that BankUnited was required to remit payment for post judgment interest and costs for the purpose of satisfying the Writ. Thus, BankUnited properly responded to and challenged the merit of the Writ.

In *U.S. Pipe & Foundry Co. v. Holcomb Pipe Lines, Inc.*, 465 F.2d 827, 828 (5th Cir. 1972), the Fifth Circuit then observed that Fla. Stat. § 77.28 was "designed to compensate a stake holder innocently drawn into controversy, it [was] not intended to require a judgment creditor to fund an erroneous legal attack on the entire garnishment proceeding." Absent any evidence that BankUnited has attempted to erroneously attack the garnishment proceeding, Casa has not substantiated it's claim that BankUnited is not an innocent stakeholder, and that BankUnited attempted to avoid payment in bad faith.

Casa's reliance on *Ebsary* fails to establish that, apart from remitting payment after the District Court's deadline, BankUnited is anything other than an innocent stakeholder. Accordingly, BankUnited complied with Chapter 77, Florida Statutes, and is entitled to the $100.00 statutory fee, in addition to reasonable costs and expenses, including attorneys' fees, incurred in responding to the Writ.

## IV.   RECOMMENDATIONS

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. Garnishee BankUnited's Amended Motion to Compel (ECF No. 249) be **GRANTED, in part,** to the extent Garnishee BankUnited seeks statutory costs and expenses, including attorneys' fees in the garnishment action, and **DENIED, in part as moot**, to the extent it seeks to compel Casa to file a full satisfaction of the garnishment judgment

2. BankUnited be permitted to file a motion seeking statutory costs and expenses, including attorneys' fees, within **fourteen (14) days** of the District Court's order on

this Report and Recommendation if Casa and BankUnited fail to agree on BankUnited's statutory costs and expenses.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 31st day of December, 2022.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable K. Michael Moore
      All Counsel of Record