## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:17-cv-23362-KMM

MAMA JO'S INC.
*d/b/a Berries*,

      Plaintiff,

v.

SPARTA INS. CO., *et al.*,

      Defendants,

v.

BANKUNITED, N.A.,

      Garnishee.

_____ /

## REPORT AND RECOMMENDATIONS

      **THIS CAUSE** comes before the Court upon Garnishee BankUnited, N.A.'s ("BankUnited") Verified Motion for Award of Attorney's Fees (ECF No. 257). The matter has been referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, to take all necessary and proper action as required by law and/or issue a Report and Recommendation regarding Garnishee's Motion. (ECF No. 258). Casa Financial Holdings, LLC ("Casa") filed a response (ECF No. 259), to which BankUnited filed a reply (ECF No. 260). Having reviewed the Motion, Response, Reply, the record as a whole, and being otherwise fully advised in the premises, the undersigned respectfully **RECOMMENDS** that BankUnited's Motion be **GRANTED, in part**, and **DENIED, in part**.

1

## I.    BACKGROUND

In this action, the District Court granted summary judgment in favor of Defendant; the judgment was affirmed on appeal.  The District Court entered final judgment in favor of Defendant, in the amount of $106,686.14 for trial attorney's fees and costs, and $54,944.50 for appellate attorney's fees, for a total award of $161,630.64.  (ECF No. 219).  Defendant assigned the judgment to Casa.  (ECF No. 232).

On November 18, 2021, the Clerk of Court issued a writ of garnishment to Garnishee BankUnited, directing BankUnited to file an Answer stating whether it is indebted to Plaintiff and if so, in what sum.  (ECF No. 228).  BankUnited answered it was indebted to Plaintiff and indicated that it had retained the sum of $161,630.64 pursuant to the writ.  (ECF No. 234).

Casa filed a Motion for Default Final Judgment in Garnishment against BankUnited (ECF No. 236); however, the District Court denied Casa's motion for failing to properly serve BankUnited in accordance with Florida Statutes §§ 77.041, 77.055.  (ECF No. 241).  Casa subsequently remedied the service deficiencies and filed a Renewed Motion for Default Judgment in Garnishment.  (ECF No. 243).

On February 25, 2022, the District Court entered an Order on Casa's Renewed Motion for Default Judgment in Garnishment (ECF No. 244), which provided that Casa would recover the sum of $161,630.64 from BankUnited, and that such funds shall be disbursed to the trust account of counsel for Casa within ten days.  BankUnited did not disperse the funds within the Court's deadline of ten days.  (ECF No. 257 at 2); (ECF No. 249-1).

On March 22, 2022, Casa recorded and filed an action to domesticate the Court's Order of Garnishment in a state court case styled *Casa Financial Holdings LLC v. BankUnited, N.A.*, Case No. 22-05271 CA 32, in Miami-Dade County.  (ECF No. 257 at 3).  While the domestication

action proceeded in state court, BankUnited represents that it was not properly served and did not respond nor appear at the hearings in the state action until August 26, 2022. (*Id.* at 3); (ECF No. 249-8). However, BankUnited fully complied with the District Court's prior Order by dispersing the funds on April 13, 2022. (ECF No. 249-1). Casa represents that the state court case closed when Casa filed a satisfaction of judgment and dismissed the matter. (ECF No. 259 at ¶ 16).

On August 26, 2022, Casa filed a "Partial Satisfaction of Judgment" in this case, which recognized BankUnited's Garnishment Payment of $161,630.64, but also asserted that "accrued post judgment interest and court costs remain unpaid." (ECF No. 247). In response, BankUnited filed a motion seeking an order from this Court compelling Casa to file a full satisfaction of the garnishment judgment, and seeking the recovery of BankUnited's attorney's fees in this garnishment action. After BankUnited filed the Amended Motion, Casa filed a Notice of Satisfaction of Judgment (ECF No. 251) rendering BankUnited's Motion moot, in part. This Court granted BankUnited's motion for attorney's fees finding that BankUnited is entitled to a $100.00 statutory fee as well as reasonable costs and expenses, including attorney's fees, incurred in responding to a writ issued by the Clerk of Court on November 18, 2021. (ECF No. 256). The Parties do not dispute BankUnited's entitlement to the $100.00 statutory fee. (ECF No. 259 at 8). The Parties dispute BankUnited's entitlement to attorney's fees beyond the statutory fee.

## II.   LEGAL STANDARD

The execution of judgments in federal court proceedings is governed by state law. Fed. R. Civ. P. 69(a)(1). Rule 69 of the Federal Rules of Civil Procedure states that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a). In Florida, garnishment proceedings are governed by

3

Chapter 77 of the Florida Statutes. *Branch Banking & Tr. Co. v. Crystal Ctr., LLC*, No. 8:15-CV-1462-T-30AAS, 2018 WL 4829181, at *2 (M.D. Fla. Oct. 4, 2018); Fla. Stat. §§ 77.01–77.28.

Upon entering final judgment, the Court must determine the garnishee's costs and expenses, including reasonable attorney's fees. *Stansell v. Revolutionary Armed Forces of Colombia*, No. 8:09-CV-2308-T-36AAS, 2019 WL 3326038, at *3 (M.D. Fla. Mar. 25, 2019), *report and recommendation adopted as modified*, No. 8:09-CV-2308-T-36AAS, 2019 WL 2537791 (M.D. Fla. June 20, 2019). Florida Statute § 77.28 states:

> Upon issuance of any writ of garnishment, the party applying for it shall pay $100 to the garnishee on the garnishee's demand at any time after the service of the writ for the payment or part payment of his or her attorney fee which the garnishee expends or agrees to expend in obtaining representation in response to the writ. On rendering final judgment, the court shall determine the garnishee's costs and expenses, including a reasonable attorney fee, and in the event of a judgment in favor of the plaintiff, the amount is subject to offset by the garnishee against the defendant whose property or debt owing is being garnished. In addition, the court shall tax the garnishee's costs and expenses as costs. The plaintiff may recover in this manner the sum advanced by him or her, and, if the amount allowed by the court is greater than the amount paid together with any offset, judgment for the garnishee shall be entered against the party against whom the costs are taxed for the deficiency.

Fla. Stat. § 77.28.

## III.   DISCUSSION

This Court has held that BankUnited is entitled to reasonable costs and expenses, including attorney's fees incurred in responding to the writ. (ECF No. 256). BankUnited seeks attorney's fees under Florida Statutes § 77.28 for BankUnited's costs and expenses in the state court proceeding as well as in this action. BankUnited argues that it is entitled to costs incurred in defending against the domestication of the Court's Order of Garnishment in the state proceedings. BankUnited additionally argues it is entitled to fees incurred in moving to compel Casa to file a satisfaction of judgment in this proceeding.

4

Casa argues that BankUnited is not entitled to attorney's fees in either the state court proceeding or this proceeding as BankUnited did not incur the fees in responding to the writ and incurred the fees after entry of the final judgment in garnishment.

### A.      Entitlement to Attorney's Fees

The undesigned previously issued a Report and Recommendation in this matter on BankUnited's Motion to Compel Casa to file satisfaction of judgment and Motion for Attorney's Fees and Costs, which the district court subsequently adopted.  This Court held that BankUnited was entitled to the $100.00 statutory fee as prescribed by § 77.28.  The Court additionally held that BankUnited was entitled to reasonable attorney's fees.

In that motion practice, Casa argued that BankUnited was not entitled to the statutory fee or attorney's fees because BankUnited was not an innocent stakeholder.  However, the Court found Casa failed to establish that BankUnited was not an innocent stakeholder as BankUnited did not resist the writ to benefit itself or to satisfy a competing claim.  BankUnited's only wrongdoing was in not timely dispersing payment on the writ.

Casa contended, similarly as it does here, that BankUnited was not entitled to attorney's fees and costs incurred following entry of the final judgment in garnishment.  As the undersigned noted previously, BankUnited filed the Motion to Compel because, after payment, BankUnited understood the judgment to have been fully satisfied.  BankUnited then contended, as it does now, that there was no legal authority to support Casa's demand that BankUnited remit payment for post judgment interest and costs beyond the writ amount.  In finding that BankUnited did not resist the writ to assert a competing claim or benefit itself, the undersigned found that BankUnited, in moving to compel Casa to file a satisfaction of judgment, was properly responding to and challenging the merit of litigation instituted by Casa.

5

### 1.      Entitlement to Fees Incurred in State Court

BankUnited in its Motion requests fees incurred in the state court proceeding including efforts undertaken to vacate various orders, to cancel a sheriff's sale, to move for sanctions, and to attend the relevant hearings.

### i.      In Response to the Writ

Casa argues that BankUnited is not entitled to $11,960.00 in attorney's fees BankUnited incurred in the state court because said fees were not incurred in response to the writ; Casa argues that § 77.28 limits the fees that may be awarded to those incurred in answering the writ.  Casa argues that BankUnited attorney's fees were incurred in the state court proceeding and not in the garnishment proceeding before this Court.  Casa asserts that the reason Casa sought domestication of the writ of garnishment in state court was because BankUnited did not tender payment within ten days as required by the Court's Order.  Casa argues that BankUnited's fees were incurred as a direct result of BankUnited's failure to comply with this Court's Order on Garnishment.

BankUnited asserts that after its payment of the writ, BankUnited should have been discharged from further liability and no further efforts from BankUnited should have been required.  However, BankUnited argues it incurred additional attorney's fees in response to the writ because Casa took the flawed position that it was owed interest on the garnished funds even though this argument has no basis in Florida Law.

Section 77.28 provides, "Upon issuance of any writ of garnishment, the party applying for it shall pay $100 to the garnishee on the garnishee's demand at any time after the service of the writ for the payment or part payment of his or her attorney fee which the garnishee expends or agrees to expend **in obtaining representation in response to the writ.**"  Fla. Stat. § 77.28 (emphasis added).

6

On March 22, 2022, Casa initiated the state court proceeding to domesticate the Court's Order of Garnishment prior to BankUnited's payment. (ECF No. 259 at ¶ 8). While the state court action was pending, BankUnited complied with this Court's Order in providing an official check in the amount of $161,630.64, (ECF No. 257 at 2), which was subsequently deposited on April 20, 2022. (ECF No. 249-1).

After BankUnited's payment, the state court action continued as Casa alleged it was due the "remaining balance" of "post judgment interest and costs." (ECF No. 259 at ¶ 12); (ECF No. 261 at 6:12–19). While the domestication action proceeded in state court, BankUnited represents that it was not properly served and did not respond nor appear in the state court action until August 26, 2022. (ECF No. 249-8). Prior to BankUnited's appearance in the state court proceeding, Casa was successful in obtaining the entry of an Order on Motion for Scire Facias Relief and Issuance of Writ of Execution and an Order granting Casa's Post Judgment Motion to Order Sale of Choses of Action. (ECF Nos. 249-9, 249-10). Casa additionally sought a sheriff's levy sale of BankUnited's Judgment in an unrelated case. (ECF No. 249-11).

BankUnited asserts it had to take immediate and extreme efforts to unwind and prevent Casa's improper tactics and actions in state court, which involved incurring fees in preparing and filing various motions in the state court proceeding. BankUnited argues that it is owed fees due to Casa taking the flawed position that it was owed interest on the garnished funds even though the caselaw does not support Casa's position.

Florida Statute § 77.083 provides that "[n]o judgment in excess of the amount remaining unpaid on the final judgment against the defendant or in excess of the amount of the liability of the garnishee to the defendant, whichever is less, shall be entered against the garnishee." Fla. Stat. § 77.083. If a judgment entered "includes liability for post-judgment interest, [a court exceeds] its

jurisdictional authority over the property which was the subject matter of the controversy, namely the funds owed by" the garnishee to the judgment debtor. *Suntrust Bank v. Arrow Energy, Inc.*, 199 So. 3d 1026, 1028 (Fla. 4th DCA 2016). A garnishment judgment is not "a judgment for money but a judgment to permit the garnishor to obtain monies owed by the judgment debtor but held by the garnishee." *Id.* Accordingly, it would be contrary to § 77.083 and "an unconstitutional deprivation of the garnishee's property without due process of law" to award interest in excess of its liability to the judgment debtor. *Id.* at 1029 (emphasis omitted).

Casa's position in the state court case was contrary to Florida law. BankUnited was ultimately successful in its efforts to avoid additional liability on the garnishment as the state court case was closed when Casa filed a satisfaction of judgment and dismissed the matter. (ECF No. 259 at ¶ 16). However, before obtaining this result, BankUnited had to unwind Casa's efforts in state court, including obtaining the entry of an Order on Motion for Scire Facias Relief and Issuance of Writ of Execution; obtaining entry of an Order granting Casa's Post Judgment Motion to Order Sale of Choses of Action; and attempting to seek a sheriff's levy sale of BankUnited's Judgment in an unrelated case. (ECF Nos. 249-9, 249-10, 249-11).

The garnishment statutes "contemplate that the garnishee will have no liability or out-of-pocket expense due to the garnishment." *Suntrust Bank*, 199 So. 3d at 1028. In this case, it was ultimately necessary for BankUnited to obtain representation in response to the writ due to Casa's erroneous attempts to seek additional funds on the writ of garnishment. Because BankUnited was responding to the writ in defending against Casa's efforts to seek additional funds on the garnishment, BankUnited is entitled to recover the fees it incurred that were necessary to defend against Casa's erroneous attack and to get a determination that it did not owe additional fees on the garnishment.

ii.        **Upon Rendering Final Judgment**

Casa additionally argues that BankUnited is not entitled to attorney's fees incurred after the final judgment in garnishment.  Casa argues that § 77.28 only contemplates an award of fees to the garnishee for challenging the answer to the writ of garnishment.

BankUnited argues that this action was far from a traditional garnishment, and instead dealt with a judgment creditor that received full payment from a garnishee, but attempted to execute against the garnishee for more than five months thereafter.

Florida Statutes § 77.28 provides that "On rendering final judgment, the court shall determine the garnishee's costs and expenses, including a reasonable attorney fee . . . ."  Fla. Stat. § 77.28.  Casa urges this Court to interpret § 77.28 as exclusive of the fees BankUnited incurred in litigating the state court proceeding because said fees were incurred after final judgment in garnishment.  Casa asserts that because § 77.28 provides that "[o]n rendering final judgment, the court shall determine the garnishee's costs and expenses, including a reasonable attorney fee" that the phrase "on rendering final judgment" prohibits courts from awarding fees incurred after final judgment.  Casa advances no authority to support its position that the statute contemplates only fees incurred prior to entry of judgment.

Moreover, Casa's interpretation of § 77.28 does not take into consideration that the garnishment statutes specifically contemplate "the garnishee will have no liability or out-of-pocket expense due to the garnishment." *Suntrust Bank*, 199 So. 3d at 1028.  Section 77.28 was "designed to compensate a stake holder innocently drawn into controversy, it [was] not intended to require a judgment creditor to fund an erroneous legal attack on the entire garnishment proceeding." *U.S. Pipe & Foundry Co. v. Holcomb Pipe Lines, Inc.*, 465 F.2d 827, 828 (5th Cir. 1972); *Hausler v. Republic of Cuba*, No. 09-20888-CIV, 2013 WL 1840351, at *2 (S.D. Fla. May 1, 2013); *Scherer*

9

*v. Scherer*, 591 So. 2d 327, 328 (Fla. 4th DCA 1992) ("Whereas here, [an innocent stake-holder] was drawn into the action by service of the writ of garnishment. Under those circumstances, the statute applies.").

BankUnited is an innocent stakeholder that was drawn into controversy by Casa erroneously attempting to obtain interest on the garnishment funds from BankUnited. Under these circumstances, the statute affords BankUnited the ability to recover attorney's fees that were necessitated by Casa's state court litigation.

Casa argues that garnishees are only entitled to fees for legal disputes occurring upon challenges from the garnishor of the garnishee's answer. This interpretation would permit garnishor's, like Casa, to drag garnishees into contested litigation without the consequences of having to pay reasonable attorney's fees. This is contrary to the purpose of Section 77.28's design of compensating a stake holder innocently drawn into controversy. "[P]reventing a garnishee that successfully resists a writ of garnishment from recovering his reasonable attorney's fees encourages judgment creditors to force garnishees to litigate whenever a garnishee denies indebtedness." *Millette v. DEK Techs., Inc.*, No. 08-60639-CV, 2010 WL 11505116, at *4 (S.D. Fla. Feb. 23, 2010).

Additionally, Courts have afforded reasonable attorney's fees after final judgment was entered, contrary to Casa's contention. In *Matthews v. First Federal Savings & Loan of Englewood*, the court granted the garnishee attorney's fees incurred during an appeal, which involved a disputed dissolution of a writ of garnishment. 571 So. 2d 2, 2 (Fla. 2d DCA 1990). The writ of garnishment was dissolved after a successful motion to dismiss in the trial court. *Id.* Dissolution of the writ at the trial level was deemed a final judgment in garnishment and the

garnishee was entitled to reasonable attorney's fees for their appeal that were incurred after the dissolution. *Id.* at 3.

Accordingly, BankUnited is entitled to reasonable attorney's fees necessary to resist additional payment on the writ of garnishment.

### iii. The *Rooker-Feldman* Doctrine

In its Response, Casa argues that the *Rooker-Feldman* Doctrine applies and that this Court cannot review the state court's denial of BankUnited's request for attorney's fees.

The *Rooker-Feldman* Doctrine provides that lower federal courts possess no power whatsoever to sit in direct review of state court decisions. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

In the state court proceeding, BankUnited moved for sanctions against Casa, including requesting Casa to pay BankUnited's attorney's fees in connection with the state court proceeding. On September 7, 2022, a hearing was held in the state court proceeding. In that hearing, the state court inquired what relief BankUnited was requesting. (ECF No. 254-1 at 9:14–16). In response, BankUnited requested canceling of the sheriff's sale, vacating the orders entered in the state court proceeding, and sanctions in the form of attorney's fees. The court noted its intention of canceling the sheriff's sale and vacating the orders requested. The court then inquired if Casa had intentions of dismissing the case. Casa's counsel responded, "I have no problem with that." The case was subsequently dismissed. The state court issued a one-page order denying BankUnited's motion for sanctions two months later. (ECF No. 259-2).

Casa argues that that denial prevents this Court from awarding attorney's fees because this Court would be reviewing the state court's decision. Casa's argument implies, falsely, that the state court considered and rejected BankUnited's application for fees under the statute. The

September 7, 2022 hearing indicates that BankUnited's motion was dismissed because Casa voluntarily dismissed the case. There is no indication that the state court ever reached the merits of BankUnited's request for attorney's fees. Thus, the *Rooker-Feldman* doctrine is not applicable as this Court is not sitting in review of the state court's decision.

### 2.    Entitlement to Fees Incurred in this Action

BankUnited seeks fees incurred before this Court in its prosecution of its Motion to Compel Casa to file a satisfaction of final judgment of garnishment including preparation and filing of its original motion to compel, its amended motion, and its reply to the motion. (ECF No. 257 at 5–6). BankUnited argues that it is entitled to said fees because "this action was far from a traditional garnishment" as Casa received full payment of the garnishment, but "refused to satisfy the Garnishment Order." (*Id.* at 7) (emphasis omitted). BankUnited argues that had it not commenced and succeeded in obtaining a full satisfaction of the Garnishment Order, then it "stands to reason that BankUnited could have lost a significant asset[1] without its efforts to compel."

Casa argues again that BankUnited is not entitled to attorney's fees incurred in prosecuting its Motion to Compel in this action because BankUnited's attorney's fees were not incurred in responding to the writ and were not incurred before entry of the final judgment in garnishment.

On February 25, 2022, the District Court entered an Order on Casa's Renewed Motion for Default Judgment in Garnishment which provided that Casa would recover the sum of $161,630.64 from BankUnited, and that such funds shall be disbursed within ten days. BankUnited did not disperse the funds within the Court's deadline of ten days. (ECF No. 257 at 2); (ECF No. 249-1).

---

[1] BankUnited prevailed and was entitled to an award of $37,657,718.30 in an unrelated litigation. BankUnited represents that Casa's counsel appeared in said litigation and was accordingly aware of the judgment and attempted to levy against it in relation to this garnishment action.

However, BankUnited fully complied with the Order by dispersing the funds on April 13, 2022. (ECF No. 249-1).

Not until August 26, 2022, did Casa file a "Partial Satisfaction of Judgment" in this case, which recognized BankUnited's Garnishment Payment of $161,630.64, but also asserted that "accrued post judgment interest and court costs remain unpaid." (ECF No. 247). Casa's position prompted BankUnited to file its motion to compel Casa to file a full satisfaction of the garnishment judgment. After BankUnited filed the Amended Motion, Casa filed a Notice of Satisfaction of Judgment. (ECF No. 251). BankUnited attorney's fees were necessarily incurred to compel Casa to file a satisfaction of judgment to discharge BankUnited of its liability under the writ of garnishment.

BankUnited can only recover, however, the fees that were necessary to defend against Casa's erroneous attack regarding interest and the fees incurred in compelling Casa to file a satisfaction of judgment. BankUnited is not entitled to attorney's fees incurred for its motion for sanctions in the state court proceeding as the motion was not necessary to get a determination that BankUnited did not owe additional fees on the garnishment. BankUnited is also not entitled to fees incurred after Casa filed its satisfaction of judgment as BankUnited had no additional liability after its filing, except that BankUnited is entitled to fees incurred in its Reply to its Motion to Compel as it was necessary in prosecuting its Motion to Compel.

**B.    Fee Award**

In assessing the reasonableness of a request for attorney fees, both Florida law and Eleventh Circuit precedent apply the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 802 (11th Cir. 2014) (citing *Fla. Patient's Comp. Fund v. Rowe*, 472 So.

2d 1145, 1151–52 (Fla. 1985)); *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)).   Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay.  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).   The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Evidence in support of the fee applicant's request requires "sufficient particularity so that the district court can assess the time claimed for each activity."  *Norman*, 836 F.2d at 1303. "Where the time or fees claimed appear excessive, or there is a lack of support for the fees claimed, 'the court may make the award on its own experience.'" *Ramirez v. Scottsdale Ins.*, No. 1:20-CV-22324-JEM, 2022 WL 4096728, at *5 (S.D. Fla. Aug. 18, 2022), *report and recommendation adopted*, No. 20-22324-CIV, 2022 WL 4094562 (S.D. Fla. Sept. 7, 2022) (quoting *Norman*, 836 F.2d at 1303).

BankUnited seeks $24,312.50 in fees for a total of 67.3 hours of attorney and paralegal time.  In support, BankUnited proffers the breakdown of the hours billed via counsel Riley W. Cirulnick's verification, which delineates that attorney Riley Cirulnick expended 51.6 hours at the rate of $350.00 per hour for a total of $18,060.00; attorney Arthur H. Rice spent 7.3 hours at the rate of $400.00 per hour for a total of $2,920.00; attorney Kenneth B. Robinson spent 8.3 hours at the rate of $400.00 per hour for a total of $3,320.00; and paralegal Sandy Fallas spent 0.1 hours at the rate of $125.00 per hour for a total of $12.50.

### 1.      Hourly Rate

BankUnited requests an hourly rate of $400.00 for Arthur H. Rice, who has been practicing law in Florida for more than 46 years, and for Kenneth B. Robinson, who has been practicing law in Florida for more than 36 years.  The requested hourly rate of $400.00 is reasonable for Attorneys Rice and Robinson.  *See Caplan v. Rehabclinics (PTA) Inc.*, 2020 WL 3977140, at *4 (finding $420.00 for the attorney's hourly rate to be reasonable for an attorney who has been a member of the Florida Bar for fifteen years); *Lopez v. City Buffet Inc*, No. 6:19-CV-1151-WWB-EJK, 2022 WL 783829, at *1 (M.D. Fla. Jan. 7, 2022), *report and recommendation adopted sub nom. Lopez v. City Buffet Inc.*, No. 6:19-CV-1151-WWB-EJK, 2022 WL 218490 (M.D. Fla. Jan. 25, 2022) (finding $400.00 for the attorney's hourly rate to be reasonable for an attorney who has been a member of the Florida Bar for sixteen years).

BankUnited requests an hourly rate of $350.00 for Riley Cirulnick, who has who has been practicing law in Florida for more than 22 years.  The requested hourly rate of $350.00 is reasonable for Attorney Cirulnick.  *See Paul v. Am. Liberty Van Lines LLC*, No. 19-60512-CIV, 2020 WL 8082378, at *2 (S.D. Fla. Mar. 10, 2020) (finding $350.00 for the attorney's hourly rate to be reasonable for an attorney who has been practicing for ten years).

Further, BankUnited's request for an hourly rate of $125.00 for Sandy Fallas, a paralegal, is reasonable.  *See Leon v. Atlass Sys. Inc.*, No. 1:15-cv-24428, 2016 WL 1692107, at *3 (S.D. Fla. Apr. 19, 2016) (finding $135.00 per hour to be a reasonable rate for a paralegal), *report and recommendation adopted*, Order, *Leon v. Atlass Sys. Inc.*, No. 1:15-cv-24428 (S.D. Fla. May 11, 2016), ECF No. 20.

### 2.    Time Requested

A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.   Fee applicants must exercise "billing judgment" and exclude "excessive, redundant, or otherwise unnecessary" hours from their fee petitions. *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).   When fee applicants fail to exercise billing judgment, the court is obligated to do it for them. *Id.*   Thus, when a request for attorneys' fees is unreasonably high, the court "may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut," but it cannot do both. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

As noted above, BankUnited can only recover the fees that were necessary to defend against Casa's erroneous attack regarding interest and the fees incurred in compelling Casa to file a satisfaction of judgment.   BankUnited is not entitled to attorney's fees incurred in its motion for sanctions in the state court proceeding as the motion was not necessary to get a determination that it did not owe additional fees on the garnishment.   BankUnited is also not entitled to fees incurred after Casa filed its satisfaction of judgment as BankUnited had no additional liability after its filing, except that BankUnited is entitled to fees incurred in its Reply to its Motion to Compel as it was necessary in prosecuting its Motion to Compel.

BankUnited requests an award of fees for attorney and paralegal time incurred from August 23, 2022, until January 30, 2023.   In support, BankUnited has provided the Court with an itemized list of its counsel's time records during that period.   Here, the time records reflect a total amount of $25,747.50—the total amount of fees BankUnited requests in the instant Motion is $24,312.50.

The Court has reviewed counsel's itemized time entries as invoiced for the time period of August 23, 2022, until January 30, 2023, to determine whether the number of hours expended was reasonable in light of the task performed.  The Court credits those entries that provide the requisite level of specificity and those that were necessarily incurred in responding to the writ.

To the extent any entry lacks the requisite specificity or is for a task that is not compensable, the Court has deducted such time from the maximum fee award.  For example, the Court has deducted time spent on administrative and clerical tasks, such as drafting and revising a notice of appearance in the state court proceeding, *e.g.*, (ECF No. 257 at 16), as such fees are not recoverable.  *Gonzalez v. Yoblendz Int'l, LLC*, No. 15-61678-CIV, 2016 WL 9225573, at *1 (S.D. Fla. June 20, 2016) ("It is well-established that clerical work such as coordinating schedules and housekeeping matters are not to be included in an attorney's fee award, even if an attorney conducted those tasks."); *see also* (ECF No. 257 at 16) ("Review/analyze Order referring motion to magistrate.").

Likewise, the Court deducted time supported by entries that do not provide sufficient detail to determine the reasonableness of the time expended because the entries are "too vague to determine the necessity of the task."  *Mendez v. Integrated Tech Grp., LLC*, No. 18-22059-CIV, 2020 WL 6826355, at *8 (S.D. Fla. Nov. 20, 2020); *see* (ECF No. 257 at 16) ("Review/analyze Casa's Partial Satisfaction of Garnishment Judgment").

The Court has also deducted time incurred by multiple attorneys performing duplicative work.  While a client may retain multiple attorneys, the Court may not award time incurred by multiple attorneys without determining the unique, nonduplicative work performed by each.  *Pena v. Facci of Merrick Park, Inc.*, No. 18-24296-CIV, 2020 WL 13390192, at *4 (S.D. Fla. Oct. 12,

2020).  BankUnited's time records do not indicate the unique value performed by multiple attorneys performing the same skill.[2]

Similarly, internal communications within the firm are not awarded as that is the inherent risk of retaining multiple attorneys.  A client's choice to employ a firm with multiple attorneys should not be paid for by the party to whom fees are shifted.  *See Norman*, 836 F.2d at 1302; *see also* (ECF No. 257 at 15) ("Communicate (in firm) Meetings and discussions with attorney Arthur H. Rice regarding strategy.").

In addition, BankUnited is not entitled to attorney's fees incurred that were not necessary to respond to Casa's erroneous legal attacks or compelling Casa to file a satisfaction of judgment. *See* (ECF No. 257 at 17) ("Research – legal research in connection with upcoming hearing and ability to appeal denial of motion to appellate court.").  For example, BankUnited is not entitled to fees incurred for its motion for sanctions in the state court proceeding.  BankUnited's motion for sanctions was not necessary in litigating BankUnited's remaining liability in terms of the writ of garnishment.  BankUnited is also not entitled to fees incurred in drafting a motion for sanctions under Federal Rule of Civil Procedure 11 as it was not necessary in the proceedings and moreover, no such motion was ever filed.  (ECF No. 257 at 16).

Finally, BankUnited is not entitled to fees incurred due to its late disbursement of the garnishment funds.  It was BankUnited's responsibility to comply with this Court's Order and

---

[2]  On August 24, 2022, Attorney Cirulnick billed 2.5 hours drafting and revising BankUnited's "Motion to Vacate Court Orders, Cancel Sheriff's Sale, and for Sanctions due to Fraud on the Court."  (ECF No. 257 at 15).  The following day, Attorney Rice billed for "[r]eview[ing] and revis[ing] Riley Cirulnick draft" without detailing the unique, nonduplicative work performed by each.  Additionally, Attorney Robinson billed on August 26, 2022, for strategizing with Attorneys Cirulnick and Rice "regarding motion to vacate and setting hearing," still without providing sufficient detail to determine how his work is not duplicative.  (*Id.* at 16).  Further, on August 26, 2022, Attorney Cirulnick billed for drafting and revising BankUnited's "Motion to Compel Satisfaction of Final Judgement of Garnishment and for Attorneys Fees" and, on that same day, Attorney Rice billed time to "[p]repare base Motion to Satisfy Judgment." (*Id.*).  Both attorneys worked on BankUnited's Motion to Compel Casa to file a satisfaction of judgment, but do not provide the unique work performed.

BankUnited cannot now attempt to recover for tasks incurred because of its untimeliness.  (*Id.*) ("Research – legal research regarding Florida's domestication statutes and whether judgment creditor can domesticate a federal judgment in the state court of the same state, and assess Casa's compliance with domestication statutes.").

Based on these fee reductions, the Court finds that BankUnited is entitled to recover the following fees:

| Date | Biller | Rate | Hours | Amount |
|---|---|---|---|---|
| 8/23/2022 | RWC | $350.00 | 0.10 | $35.00 |
| 8/24/2022 | RWC | $350.00 | 0.60 | $210.00 |
| 8/24/2022 | RWC | $350.00 | 2.50 | $875.00 |
| 8/25/2022 | RWC | $350.00 | 3.20 | $1,120.00 |
| 8/25/2022 | RWC | $350.00 | 1.00 | $350.00 |
| 8/25/2022 | RWC | $350.00 | 0.80 | $280.00 |
| 8/26/2022 | RWC | $350.00 | 4.80 | $1,680.00 |
| 8/26/2022 | RWC | $350.00 | 0.10 | $35.00 |
| 8/26/2022 | RWC | $350.00 | 0.40 | $140.00 |
| 9/1/2022 | RWC | $350.00 | 0.10 | $35.00 |
| 9/6/2022 | RWC | $350.00 | 1.20 | $420.00 |
| 9/6/2022 | RWC | $350.00 | 0.20 | $70.00 |
| 9/7/2022 | RWC | $350.00 | 0.60 | $210.00 |
| 9/7/2022 | RWC | $350.00 | 0.30 | $105.00 |
| 9/7/2022 | RWC | $350.00 | 0.10 | $35.00 |
| 9/7/2022 | RWC | $350.00 | 0.10 | $35.00 |
| 9/8/2022 | RWC | $350.00 | 0.20 | $70.00 |
| 9/8/2022 | RWC | $350.00 | 0.20 | $70.00 |
| 9/12/2022 | RWC | $350.00 | 0.50 | $175.00 |
| 9/12/2022 | RWC | $350.00 | 0.60 | $210.00 |
| 9/12/2022 | RWC | $350.00 | 2.70 | $945.00 |
| 9/13/2022 | RWC | $350.00 | 2.60 | $910.00 |
| 9/13/2022 | RWC | $350.00 | 0.80 | $280.00 |
| 9/14/2022 | RWC | $350.00 | 0.60 | $210.00 |
| 9/14/2022 | RWC | $350.00 | 0.10 | $35.00 |
| 9/16/2022 | RWC | $350.00 | 0.30 | $105.00 |
| 9/16/2022 | RWC | $350.00 | 0.10 | $35.00 |
| | | **Totals:** | **24.80** | **$8,680.00** |

## IV.    RECOMMENDATIONS

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that BankUnited's Verified Motion for Award of Attorney's Fees (ECF No. 257) be **GRANTED, in part**, and **DENIED, in part**, and that BankUnited be awarded a total of $8,680.00 in attorney's fees.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 17th day of July, 2023.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:    Honorable K. Michael Moore
       All Counsel of Record