UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-23362-KMM

MAMA JO'S INC.
*d/b/a Berries*,

    Plaintiff,

v.

SPARTA INSURANCE COMPANY, *et al.*,

    Defendants,

v.

BANKUNITED, N.A.,

    Garnishee.

_____/

**ORDER ON REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Garnishee BankUnited, N.A.'s ("BankUnited") Verified Motion for Award of Attorney's Fees. (ECF No. 257). The matter was referred to the Honorable Lauren F. Louis, United States Magistrate Judge. (ECF No. 258). On July 17, 2023, Magistrate Judge Louis issued a Report and Recommendation, ("R&R") (ECF No. 263), recommending that the Motion be GRANTED, in Part, and DENIED, in part. No objections to the R&R were filed, and the time to do so has now passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific

objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.* Yet when a party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

In her Report and Recommendation, Magistrate Judge Louis concludes that "BankUnited can only recover the fees that were necessary to defend against Casa's erroneous attack regarding interest and the fees incurred in compelling Casa to file a satisfaction of judgment." R&R at 16. In addition, Judge Louis deducts time where billing record entries lack the requisite specificity, time for tasks that are not compensable, and time incurred by multiple attorneys performing duplicative work. *See id.* at 17–18. Finally, Judge Louis determines that BankUnited is not entitled to fees incurred due to its late disbursement of the garnishment funds. *See id.* at 18–19. After independent calculation, Judge Louis finds that attorney's fees in the sum of $8,680.00 are reasonable based on the hours worked and tasks performed. *See id.* at 19. This Court agrees.

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Louis's R&R (ECF No. 263) is ADOPTED. BankUnited's Verified Motion for Award of Attorney's Fees is GRANTED, in Part, and DENIED, in Part. BankUnited is awarded $8,680.00 in attorney's fees.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th day of August, 2023.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record